UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LISANDRA GONZALEZ, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 1:24-cv-12304-JEK |
| VIATOR TOURS, INC., TRIPADVISOR LLC, and SUNFOS ALESSIA YACHTING, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON THE MOTION TO DISMISS OF
VIATOR TOURS, INC. AND TRIPADVISOR LLC**

**KOBICK, J.**

Plaintiff Lisandra Gonzalez alleges that she was injured on a catamaran tour in Greece because of the negligence of defendants Viator Tours, Inc., Tripadvisor LLC, and Sunfos Alessia Yachting. Viator and Tripadvisor have moved to dismiss Gonzalez's claims against them, arguing that (1) they are immune from suit pursuant to Section 230 of the Communications Decency Act, (2) Gonzalez's claims are barred by the limitation-of-liability clause in Viator's Terms of Use, and (3) Gonzalez fails to allege essential elements of her negligence claims. Agreeing that Gonzalez has failed to plausibly allege claims of negligence against Tripadvisor and Viator, the Court will grant their motion.

## BACKGROUND

The following facts, drawn from the amended complaint and a document incorporated by reference into that pleading, are accepted as true for purposes of the motion to dismiss. *Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 15 (1st Cir. 2024).

On July 24, 2023, Gonzalez booked an August 3, 2023 catamaran boat tour with Sunfos through the Viator/Tripadvisor website. ECF 4, ¶¶ 13, 16. She received a confirmation email shortly after completing her booking. *Id.* ¶ 14; *see* ECF 52-4 (booking confirmation). During the tour, at a scheduled stop in Mykonos, Greece, Gonzalez began to disembark from the catamaran via a ramp. ECF 4, ¶¶ 15, 17. The ramp was not suitable for use at the pier, however, because there was a two- to three-foot gap between the end of the ramp and the pier. *Id.* ¶ 18. Gonzalez fell from the ramp due to the gap, injuring her left leg and ankle. *Id.* ¶ 19. She was first transported to a hospital in Mykonos that lacked proper facilities to treat her injuries. *Id.* ¶ 20. She was then airlifted, at her own expense, to a hospital in Athens, Greece for the first of several surgeries to treat an open fracture of her leg and ankle. *Id.* ¶ 21. Gonzalez missed the rest of her cruise and flew home early, also at her own expense. *Id.* ¶ 22. Once home in Miami, Florida, she underwent additional surgeries to correct the surgeries performed in Greece and suffered from an infection to her surgical wounds. *Id.* ¶ 23.

Gonzalez initiated this action in the United States District Court for the Southern District of Florida on February 1, 2024. ECF 1. She filed an amended complaint the next day. ECF 4. The amended complaint names Viator, Tripadvisor, and Sunfos as defendants and asserts a single negligence claim against each defendant. *Id.* ¶¶ 25-36. Tripadvisor and Viator filed a joint motion to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer the case to the District of Massachusetts pursuant to 28 U.S.C § 1404(a). ECF 26. After holding a hearing, the Florida District Court granted the motion to transfer and transferred the case to this Court, but declined to rule on the pending motion to dismiss. ECF 41, 42, 43. Viator and Tripadvisor then filed a renewed motion to dismiss in this Court under Rule

12(b)(6). ECF 51. After receiving the opposition and reply briefs and holding a hearing, the Court took the motion under advisement. ECF 58, 62, 65.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "'whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted,'" *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court "may properly consider only facts and documents that are part of or incorporated into the complaint." *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (quotation marks omitted).

## DISCUSSION

Tripadvisor and Viator contend that Gonzalez's negligence claims against them are subject to dismissal for three independent reasons. First, they maintain that they are shielded from the claims by Section 230 of the Communications Decency Act, 47 U.S.C. § 230. Second, they argue that, when she signed up for the catamaran tour, Gonzalez agreed to Viator's Terms of Use, which contains a broad waiver-of-liability provision. Third, they contend that Gonzalez has failed to adequately state a claim for negligence against them. Because the Court agrees that Viator and

3

Tripadvisor are entitled to dismissal on the third basis, it does not reach their arguments based on Section 230 or Viator's Terms of Use.

To establish a claim for negligence under Massachusetts law,[1] a plaintiff must allege that "'a defendant owes a duty of reasonable care to the plaintiff, the defendant committed a breach of that duty, the plaintiff suffered damage, and a causal relationship existed between the breach of duty and the damage.'" *Hill-Junious v. UTP Realty, LLC*, 492 Mass. 667, 672-73 (2023) (quoting *Heath-Latson v. Styller*, 487 Mass. 581, 584 (2021)). Viator and Tripadvisor contend that Gonzalez has not plausibly alleged that they owed her a duty of care. "'Whether a defendant has a duty of care to the plaintiff in the circumstances is a question of law . . . to be determined by reference to existing social values and customs and appropriate social policy.'" *Lanier v. President & Fellows of Harvard College*, 490 Mass. 37, 44-45 (2022) (quoting *O'Sullivan v. Shaw*, 431 Mass. 201, 203 (2000)); *see also Leavitt v. Brockton Hosp., Inc.*, 454 Mass. 37, 40 (2009) (existence of a duty of care is a legal issue that may be resolved on a motion to dismiss). The existence of a duty "depends upon the foreseeability of a risk of harm that the defendant has an ability to prevent." *Heath-Latson*, 487 Mass. at 584. Generally, an entity does "not owe others a duty to take action to rescue or protect them from conditions [it has] not created." *Helfman v. Ne. Univ.*, 485 Mass. 308, 315 (2020) (quotation marks omitted). But where there is a "'special relationship'" between the plaintiff and the defendant, "such that the 'defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff

---

[1] The parties agree that, in this diversity jurisdiction case, Massachusetts law provides the substantive rules of decision as to Gonzalez's negligence claims. *See* ECF 68, at 24:9-25. The Court accepts that agreement as reasonable and will apply Massachusetts law. *See Klauber v. VMware, Inc.*, 80 F.4th 1, 10 (1st Cir. 2023).

from the failure to do so,'" a duty of care may exist. *Heath-Latson*, 487 Mass. at 585 (quoting *Irwin v. Ware*, 392 Mass. 745, 756 (1984)).

The amended complaint alleges that Viator and Tripadvisor owed Gonzalez three duties of care: (1) "to use reasonable care under the circumstances in the operation of the Sunfos yachting tours sold through its website"; (2) "to warn of any dangerous conditions which may have existed in relation to the subject tour, including, but not limited to, the existence of an improper docking area and/or improper and unsafe docking/disembarkation procedure; which was known to [Viator and Tripadvisor], but was not readily apparent to the Plaintiff and other invitees, such that the Plaintiff and other invitees would likely be subject to an unreasonable risk of danger"; and (3) "to use reasonable care in the selection and retention of Sunfos as a tour operator who sells shore excursions to [Viator and Tripadvisor] customers through [their] website." ECF 4, ¶¶ 25-26, 29-30 (capitalization omitted).

Gonzalez's first theory fails to establish a duty of care. Read in the light most favorable to Gonzalez, the amended complaint does not plausibly allege that Viator or Tripadvisor were responsible for, or had control over, the operation of the catamaran tour or the placement of the ramp. Rather, the amended complaint alleges that *Sunfos* was responsible for "selling, marketing, and conducting yachting tours for foreign tourists, including American customers of . . . Viator and TripAdvisor." *Id.* ¶ 5. Viator and Tripadvisor, in contrast, merely offered websites through which tours may be booked. *See id.* ¶ 6 (alleging that "Viator and TripAdviso[r] engage in interstate commerce through the use of their respective websites to offer vacation packages and third-party tours to all of the United States"); *id.* ¶¶ 13-14 (alleging that Gonzalez "booked a catamaran tour with Sunfos utilizing the Viator/TripAdvisor website" and that she "received a confirmation email from Viator/TripAdvisor shortly after completing her booking" (capitalization omitted)). Gonzalez

5

does not contend that she had any special relationship with Tripadvisor or Viator that would exempt her negligence claims against them from the general rule that a defendant's duty of care "does not extend to taking 'affirmative steps to protect against dangerous or unlawful acts of third persons.'" *Heath-Latson*, 487 Mass. at 584 (quoting *Luoni v. Berube*, 431 Mass. 729, 731 (2000)); *cf. Hofer v. Gap, Inc.*, 516 F. Supp. 2d 161, 176 (D. Mass. 2007) (noting that "[i]t is well-established that travel agents are not generally liable for the negligence or dangerous conditions of third-party hotel or travel operators" if the travel agents did not share ownership or control with the third parties); *Deacy v. Studentcity.com, LLC*, 75 Mass. App. Ct. 1110, 2009 WL 3517972, at *2 (2009) (Rule 1:28 opinion) ("[G]enerally, travel agents and tour operators cannot be held liable for the negligent acts of third parties that occur on a premises not under the control or ownership of the tour operator." (quotation marks omitted)). Accordingly, Viator and Tripadvisor had no duty to take reasonable care in the operation of the Sunfos tour because Gonzalez does not allege that they had a role in, or control over, its operation.

Gonzalez's second theory fails for a similar reason. She maintains that Viator and Tripadvisor had a duty to warn her against the dangerous conditions on the tour that, she claims, were known to Viator and Tripadvisor but not to her. But she has not plausibly alleged a special relationship with Viator and Tripadvisor to justify a departure from the general rule that an entity does "'not owe others a duty to take action to rescue or protect them from conditions [it has] not created.'" *Helfman*, 485 Mass. at 315 (quoting *Dzung Duy Nguyen v. Massachusetts Inst. of Tech.*, 479 Mass. 436, 448 (2018)). Gonzalez has not, accordingly, established that Viator and Tripadvisor had a duty to warn her about conditions caused by Sunfos, a third party. *See Hofer*, 516 F. Supp. 2d at 176-79 (rejecting plaintiff's arguments that Expedia, Inc. had a duty to warn her about a third party's negligence).

Gonzalez's third theory is likewise unavailing. Generally, negligent selection and retention claims arise in the employer-employee and employer-independent contractor contexts. *See Helfman*, 485 Mass. at 326 (to establish negligent hiring and retention claim, "plaintiff must show that the 'employer [became] aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge or reassignment'" (quoting *Foster v. Loft, Inc.*, 26 Mass. App. Ct. 289, 291 (1988))); *McConnon v. Charles H. Hodgate Co.*, 282 Mass. 584, 587 (1933) (liability may arise from negligent selection of independent contractor). Gonzalez has not alleged that Tripadvisor or Viator employed or hired Sunfos. Rather, the amended complaint simply states that Tripadvisor and Viator's selection of Sunfos was negligent because they "knew or should have known" that Sunfos "was an unsafe and inexperienced operator," ECF 4, ¶¶ 27(f), 31(f), and because the dangers "reasonably should have been known to [them] as evidenced by photographs on [their] website depicting the dangerous condition," *id.* ¶¶ 27(d), 31(d).

Even if a negligent selection or retention claim could be asserted in this context, these allegations are insufficient to state a claim that Viator or Tripadvisor negligently selected or retained Sunfos. The amended complaint contains no allegations undergirding the assertion that Sunfos was an unsafe or inexperienced catamaran operator, and it lacks allegations as to why Viator or Tripadvisor knew or should have known Sunfos to have such a reputation. The amended complaint also alleges no facts describing the photographs on Tripadvisor or Viator's website or the dangerous condition allegedly depicted in those photographs. Where analogous negligent selection or retention claims have survived a motion to dismiss, the complaint has contained far more fulsome allegations to support the claim. For example, in *Weinberg v. Grand Circle Travel, LCC*, this Court considered a negligent selection and retention claim against a travel agent that

7

booked a hot air balloon excursion for the plaintiffs in Tanzania. *See* 891 F. Supp. 2d 228, 235-36 (D. Mass. 2012). The complaint alleged that the travel agent "knew that the [balloon operators] had previously had a serious wind related accident" and that their "safety precautions . . . were not adequate or reasonable"; that the agent knew that the balloon operators lacked "water supplies or an emergency rescue plan"; and that the plaintiffs "would not have taken the balloon flight absent [the travel agent's] representations" about the balloon operators. *Id.* at 249. These allegations gave rise to a plausible inference that the travel agent selected a tour with an operator that it knew to have a questionable safety record and to take inadequate safety precautions. *See id.* By contrast, in *Azza v. Group Voyagers, Inc.*, this Court dismissed a negligent selection or retention claim against a travel agent and tour operator where the complaint contained no facts to support the conclusory assertion that the defendants "breached their duty to the plaintiff by failing to select a competent contractor and failing to warn of unsafe conditions of which they should have been aware." No. 16-cv-11981-GAO, 2018 WL 1513559, at *2 (D. Mass. Mar. 27, 2018). Gonzalez's amended complaint similarly lacks the factual enhancement necessary to withstand a motion to dismiss her claims that Tripadvisor and Viator negligently selected or retained Sunfos.

Gonzalez's claims against Tripadvisor and Viator are not saved by her conclusory allegation that they were engaged in a joint venture with Sunfos such that they could be held liable for Sunfos' actions. *See* ECF 4, ¶ 7. In Massachusetts, "[t]he key requirement in finding [a joint venture's] existence is an intent to associate." *Gurry v. Cumberland Farms, Inc.*, 406 Mass. 615, 623 (1990). "[F]actors indicating such an intent include an agreement among the participants for joint profits and a sharing of losses; a contribution of money, assets, talents, etc., to a common undertaking; a joint property interest in the subject matter of the venture; and a right to participate in the control of the venture." *Id.* at 623-24. "No single factor or consideration is necessary or

8

determinative, and no minimum number is required to determine the existence of a joint venture." *Dakin v. OSI Rest. Partners, LLC*, 100 Mass. App. Ct. 92, 97 (2021).

The amended complaint contains no factual allegations pertinent to any of these factors or an intent to associate. Gonzalez's allegation that Sunfos "was engaged in a 'joint venture'" with Tripadvisor and Viator "for the sale of its yachting tours" is wholly conclusory. ECF 4, ¶ 7; *see Douglas v. Hirshon*, 63 F.4th 49, 55 (1st Cir. 2023) ("conclusory legal allegations [or] factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture" are not entitled to weight (quotation marks omitted)). Absent a factual foundation for this legal assertion, Gonzalez has not plausibly alleged a joint venture among Sunfos, Tripadvisor, and Viator, such that Tripadvisor or Viator could be held liable for Sunfos' alleged negligence in its operation of the tour. *See Gregor v. Aurora Bank FSB*, 26 F. Supp. 3d 146, 155 (D.R.I. 2014) (dismissing a claim that defendants were engaged in a joint venture because plaintiffs did not plead facts "concerning the parties' intent and joint control to effect a common purpose"); *Textron Fin. Corp. v. Paul Mulherin & Father, Inc.*, No. 06-cv-140-P-C, 2006 WL 3691474, at *4 (D. Me. Dec. 12, 2006) (similarly declining to find a joint venture based on "meager" supporting factual allegations).

At the hearing, counsel for Gonzalez orally requested leave to amend the complaint should the Court grant the motion to dismiss. But Gonzalez has already amended her complaint once, and her counsel's request contained no representations as to what additional factual allegations she might assert to cure the defects in her claims against Tripadvisor and Viator. Nor, in the months since the hearing on the motion to dismiss, has Gonzalez filed a motion for leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a). Under the circumstances, the request for leave to amend is denied. *See Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st

Cir. 2013) ("[A] district court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006))); *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006) (the "absence of supporting information" in a plaintiff's "bare request for leave to amend," lacking a preview of "what additional facts or legal claims might be included" should amendment be allowed, "may, in and of itself, be a sufficient reason for the denial of leave to amend").

## CONCLUSION AND ORDER

For the foregoing reasons, the motion to dismiss filed by Tripadvisor and Viator, ECF 51, is GRANTED. Counts I and II of the amended complaint are DISMISSED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2025